UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ROBERT PEREZ & JAVIER SANTIAGO,

                                      Plaintiffs,

          -against-

THE CITY OF NEW YORK, SERGEANT MICHAEL R. MILLER, tax #921596, SERGEANT BORIS BLACKMON, tax #920032, POLICE OFFICER JACK KWOK, tax #940347, POLICE OFFICER WILLIAM REDDIN, tax #944924,

                                      Defendants.

**SECOND AMENDED COMPLAINT**

11 CV 4620 (CBA) (RML)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. Plaintiffs bring this civil rights action against the City of New York and New York City Police Officers alleging that defendants violated their rights under 42 U.S.C. §1983 and the First, Fourth and Sixth Amendments to the United States Constitution and New York state law. Specifically, plaintiffs allege that, on January 30, 2011, in Brooklyn, New York, defendants retaliated against them for engaging in free speech, falsely arrested them, used unreasonable force on them and made false allegations about them to prosecutors which deprived them of liberty. The false charges filed against plaintiffs were adjourned in contemplation of dismissal. Plaintiffs seek compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. §1983 and the First, Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1343.

3. Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear and decide their New York state law claims of false arrest, assault, battery and vicarious liability which form part of the same case and controversy as their federal claims under Article III of the United States Constitution.

4. With respect to plaintiffs' state law claims, notices of claim were duly filed with the City of New York within 90 days of the arrests of plaintiffs, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiffs' state law claims.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to plaintiffs' claims occurred in this District, and because some or all of the defendants reside in this District.

## PARTIES

6. Plaintiffs are residents of the City of New York.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. Sergeant Michael R. Miller, Sergeant Boris Blackmon, Police Officer Jack Kwok and Police Officer William Reddin are New York City Police Officers who were involved in the incident at issue while assigned to the 81st Precinct. Defendants were acting under color of state law and in their capacities as New York City Police Officers at all relevant times. Defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiffs from unconstitutional conduct. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

**A.     Incident with Javier Santiago**

9.     On January 30, 2011, at approximately 1:30 a.m., inside of Angel's lounge located at 990 Broadway in Brooklyn, New York, plaintiff was engaged in lawful activity when defendants entered the lounge and pushed plaintiff toward the exit of the aforesaid location.

10.     Plaintiff stated that his wife was inside the location and that he would get his wife and then leave the premises. In response, one of the defendants said "fuck your wife" and several of the defendants continued to push plaintiff towards the exit.

11.     In retaliation for plaintiff's exercise of free speech, one of the defendants punched plaintiff in the face.

12.     The defendants then pushed plaintiff outside of the location, slammed plaintiff's body to the sidewalk, and smashed plaintiff's face into the sidewalk. One of the defendants who was wearing boots kicked plaintiff in the forehead.

13.     The defendants handcuffed plaintiff excessively tight and transported him to the 81st precinct.

14.     From the 81st precinct, plaintiff was taken by ambulance to Woodhull Hospital.

15.     After plaintiff was treated for injuries sustained during his arrest, officers transported him back to the 81st precinct for arrest processing.

16.     After defendants, acting in concert, completed arrest paperwork falsely charging plaintiff with Resisting Arrest and Disorderly Conduct, plaintiff was taken to Brooklyn Central Booking.

17. While plaintiff was held in Central Booking, one or more of the defendant officers misrepresented to the King County District Attorney's Office that plaintiff committed the offenses of Resisting Arrest and Disorderly Conduct.

18. As a result of defendants' misrepresentation, charges were filed against plaintiff in Kings County Criminal Court under docket number 2011kn0077665.

19. Plaintiff was required to appear before a judge for arraignment and, thereafter, on four subsequent dates until the matter was adjourned in contemplation of dismissal on October 3, 2011.

20. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered lacerations, contusions and pain to his face and head, pain and contusions to his clavicle, pain to his ribs, pain to his right thigh, and pain to his wrists and left hand. Further, plaintiff was incarcerated for approximately twenty-three (23) hours, was deprived of his liberty and suffered emotional distress and damage to his reputation.

**B.     Incident with Jose Perez**

21. On January 30, 2011, between approximately 2:00 a.m. and 3:00 a.m., plaintiff was at the 81st precinct of the New York City Police Department in Brooklyn, New York.

22. Plaintiff went to the 81st Precinct at the aforesaid date and time to inquire about his cousin, Javier Santiago, who was arrested a few hours earlier by officers from the 81st precinct.

23. At the 81st Precinct, officers refused to assist plaintiff or provide plaintiff with information about Santiago.

24. Out of frustration, plaintiff cursed at the officers and began to walk towards the exit to leave the building.

25. Plaintiff heard an officer yell "freeze" at which time plaintiff stopped walking towards the exit.

26. In retaliation for plaintiff's exercise of free speech, defendant Miller violently seized plaintiff by the neck from behind and yelled "you can't talk shit in my house."

27. Miller then slammed plaintiff's body against a wall and smashed plaintiff's face into the wall.

28. After smashing plaintiff's face into the precinct wall, defendant Miller threw plaintiff to the floor and again smashed plaintiff's face into the floor.

29. Defendant Miller sat on top of plaintiff with his knee in plaintiff's back and handcuffed plaintiff excessively tight while blood gushed from plaintiff's nose and mouth onto the precinct floor.

30. At no time did the other individual defendants, Blackmon, Kwok or Rankin, or any other member of the NYPD, take action to intervene, prevent, or limit defendant Miller's conduct.

31. At no time did the defendants have sufficient legal cause to detain, seize, or arrest plaintiff, nor was there a reasonable basis for defendants to believe such cause existed.

32. At no time did the defendants have sufficient legal cause to use any force against plaintiff, much less the level of force actually employed, nor was there a reasonable basis for defendants to believe such cause existed.

33. Following the assault on plaintiff, the defendants intentionally and deliberately gave false statements, failed to file accurate statements, or failed to report the conduct of the defendants who engaged in the misconduct described herein.

34. Defendant Blackmon gave false statements to the Civilian Complaint Review Board about the incident stating that plaintiff refused to leave the precinct, that plaintiff resisted arrest when being arrested, that plaintiff hit his face on a wall causing a laceration over his right eye and cut to his lip, and that plaintiff did not require any stitches nor suffer any broken bones.

35. Defendants' actions were designed to cover up their misconduct and to frustrate plaintiff's attempts to seek redress for the misconduct engaged in by the defendants.

36. After the defendants completed arrest paperwork falsely charging plaintiff with Obstructing Governmental Administration in the Second Degree, Disorderly Conduct and Resisting Arrest, plaintiff was taken to Brooklyn Central Booking.

37. While plaintiff was held in Central Booking, one or more of the defendant officers misrepresented to the King County District Attorney's Office that plaintiff committed the offenses Obstructing Governmental Administration in the Second Degree, Disorderly Conduct and Resisting Arrest.

38. As a result of defendants' misrepresentation, charges were filed against plaintiff in Kings County Criminal Court under docket number 2011kn0077682.

39. Plaintiff was required to appear before a judge for arraignment and, thereafter, on April 4, 2011 when the matter was adjourned in contemplation of dismissal.

40. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered a fractured nose, lacerations to his lip and mouth and additional injuries to other parts of

his face, head, back and body. Further, plaintiff was incarcerated for approximately 22 hours, deprived of his liberty and suffered emotional distress and damage to his reputation.

## FIRST CLAIM

### (FALSE ARREST)

41. Plaintiffs repeat the foregoing allegations.

42. Defendants' arrests of plaintiffs were unlawful because plaintiffs did not commit a crime or violation on January 30, 2011 and no police officer observed plaintiffs acting in a manner that day which gave rise to probable cause.

43. Accordingly, defendants are liable to plaintiffs under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (FALSE ARREST UNDER STATE LAW)

44. Plaintiffs repeat the foregoing allegations.

45. Defendants' arrests of plaintiffs were unlawful because plaintiffs did not commit a crime or violation on January 30, 2011 and no police officer observed plaintiffs acting in a manner that day which gave rise to probable cause.

46. Accordingly, defendants are liable to plaintiffs under New York state law for false arrest.

## THIRD CLAIM

### (UNREASONABLE FORCE)

47. Plaintiffs repeat the foregoing allegations.

48. Defendants' force upon plaintiffs and/or their failure to intervene to prevent the force, as described herein, was objectively unreasonable and caused plaintiffs pain and injury.

7

49. Accordingly, defendants are liable to plaintiffs under the Fourth Amendment for unreasonable force.

## FOURTH CLAIM

### (VIOLATING RIGHT TO FREE SPEECH)

50. Plaintiffs repeat the foregoing allegations.

51. Plaintiffs exercised free speech during the incident by, among other things, complaining about defendants' conduct.

52. Plaintiffs' use of free speech was a motivating factor in defendants' decision to violate their rights.

53. Accordingly, defendants are liable to plaintiffs under the First Amendment for violating their right to free speech.

## FIFTH CLAIM

### (DENIAL OF A FAIR TRIAL)

54. Plaintiffs repeat the foregoing allegations.

55. Defendants, pursuant to an agreement, misrepresented to the Kings County District Attorney's Office, that plaintiffs had committed several offenses.

56. Defendants' misrepresentations deprived plaintiffs of their liberty in that they were required to stay in jail after defendants' misrepresentations until arraignment and were required to make court appearances.

57. Accordingly, defendants are liable to plaintiffs under the Sixth Amendment for denying them a fair trial.

## SIXTH CLAIM

### (FAILURE TO INTERVENE)

58. Plaintiffs repeat the foregoing allegations.

59. Each defendant had a reasonable opportunity to prevent the violations of plaintiffs' constitutional rights, but they each failed to intervene to protect plaintiffs.

60. Accordingly, the defendants are liable to plaintiffs under the Constitution for not intervening to prevent the violation of plaintiffs' federal rights.

## SEVENTH CLAIM

### (ASSAULT)

61. Plaintiffs repeat the foregoing allegations.

62. Defendants' beating, handcuffing and search incident to arrest of plaintiffs placed plaintiffs in fear of imminent harmful and offensive physical contacts which injured them.

63. Accordingly, defendants are liable to plaintiffs under New York state law for assault.

## EIGHTH CLAIM

### (BATTERY)

64. Plaintiffs repeat the foregoing allegations.

65. Defendants' beating, handcuffing and search incident to arrest of plaintiffs were offensive and nonconsensual physical contacts which injured them.

66. Accordingly, defendants are liable to plaintiffs under New York state law for battery.

## NINTH CLAIM

### (RESPONDEAT SUPERIOR CLAIM AGAINST CITY OF NEW YORK)

67. Plaintiffs repeat the foregoing allegations.

68. The defendants were acting within the scope of their employment as New York City Police Officers when they falsely arrested, assaulted and battered plaintiffs.

69. The City of New York is therefore vicariously liable to plaintiffs under New York state law for false arrest, assault and battery.

## **TENTH CLAIM**

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

70. Plaintiff repeats the foregoing allegations.

71. The City of New York, through a policy, custom, directly caused the constitutional violations suffered by plaintiff.

72. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and many other New York City Police Officers are unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

73. Despite the above, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the defendants and other officers like them and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

74. The City's failure to act resulted in the violation of plaintiffs' constitutional rights as described herein.

WHEREFORE, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED: February 28, 2012
     Brooklyn, New York

                    /s/

                _____
                IZABEL OLSZOWA GARCIA
                Attorney at Law
                26 Court Street, Suite 1815
                Brooklyn, New York 11242
                (646) 239-4330
                (718) 624-9391