UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

ROBERT PEREZ & JAVIER SANTIAGO,

                                 Plaintiffs,

                 -against-

THE CITY OF NEW YORK, SERGEANT
MICHAEL R. MILLER, tax #921596, SERGEANT
BORIS BLACKMON, tax #920032, POLICE
OFFICER JACK KWOK, tax #940347, POLICE
OFFICER WILLIAM REDDIN, tax #944924,

                                Defendants.

-----------------------------------------------------------------x

**STIPULATION OF
SETTLEMENT AND ORDER OF
DISMISSAL**

11 Cv. 4620 (CBA) (RML)

**WHEREAS,** plaintiff Javier Santiago commenced this action by filing a complaint on or about September 22, 2011, alleging that the defendants violated his federal civil and state common law rights; and

**WHEREAS,** defendants City, Sergeant Michael Miller, Sergeant Boris Blackmon, Officer Jack Kwok and Officer William Reddin have denied any and all liability arising out of plaintiff Javier Santiago's allegations; and

**WHEREAS,** the parties now desire to resolve the issues raised by plaintiff Javier Santiago in this litigation, without further proceedings and without admitting any fault or liability; and

**WHEREAS,** plaintiff Javier Santiago has authorized his counsel to settle this matter on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1.     The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2.     Defendant City of New York hereby agrees to pay plaintiff Javier Santiago the sum of Forty-Five Thousand ($45,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees.  In consideration for the payment of these sums, plaintiff Javier Santiago agrees to dismiss of all his claims against the defendants and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3.     Plaintiff Javier Santiago shall execute and deliver to defendant City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens.  If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments.  A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4.     Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any

other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York.  This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5.     Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6.     Plaintiff Javier Santiago agrees to hold harmless defendants regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter.  If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7.     This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:  New York, New York
        July 2     , 2012

Law Office of Izabel O. Garcia
*Attorneys for Plaintiff Javier Santiago*
26 Court Street, Suite 1815
Brooklyn, NY 11242
(718) 624-4748


By: _Izabel O. Garcia_       By:
    Izabel O. Garcia
    *Attorney for Plaintiff Javier Santiago*



Dated: New York, New York
              25   , 2012

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendants City, Miller,*
*Blackmon, Kwok and Reddin*
100 Church Street, Rm. 3-180
New York, New York 10007

_Wesley G. Bauman_  7/24/12

Wesley Bauman
*Assistant Corporation Counsel*

SO ORDERED:
          s/CBA

HON. CAROL B. AMON
UNITED STATES DISTRICT JUDGE